Filed 2/2/24  P. v. Ruiz CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>GUADALUPE RUIZ,<br><br>  Defendant and Appellant. | F085544<br><br>(Super. Ct. No. BF162719B)<br><br>OPINION |

THE COURT[*]

APPEAL from an order of the Superior Court of Kern County.  Brian M. McNamara, Judge.

Kendall D. Wasley, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

In 2017, defendant Guadalupe Ruiz was convicted after a jury trial of second degree murder.  He was sentenced to 15 years to life plus three years.  In 2020, this court

---

[*] Before Meehan, Acting P. J., Snauffer, J., and DeSantos, J.

affirmed the judgment on direct appeal.  (*People v. Ruiz* (Sep. 10, 2020, F076454) [nonpub. opn.].)

In 2022, Ruiz filed a petition for resentencing of his murder conviction pursuant to Penal Code section 1172.6.[1]  The trial court issued an order to show cause.  An evidentiary hearing was originally set for August 25, 2022.  The prosecution filed a brief in opposition to resentencing, to which the defense filed a reply.  The prosecution later filed an additional brief in opposition to the petition for resentencing, requesting the court to take judicial notice of several case documents.

On November 14, 2022, the trial court denied Ruiz's petition in a written decision.

A timely notice of appeal was filed on December 29, 2022.

On appeal, Ruiz's counsel filed a brief with this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), which summarized the facts and procedural history with citations to the record, raised no issues, and asked this court to independently review the record.

On October 25, 2023, this court sent an order to Ruiz stating his appellate counsel had filed a brief under *Wende* that indicated no arguable issues had been identified for appeal; previously, when an appellant filed an appeal from the denial of a Penal Code section 1172.6 petition, and counsel filed a *Wende* brief, this court performed an independent review of the record to determine whether any error occurred; the California Supreme Court determined in *Delgadillo* that independent *Wende* review is not required for appeals from the denial of Penal Code section 1172.6 petitions; in accordance with the procedures set forth in *Delgadillo*, Ruiz had 30 days in which to file a supplemental brief or letter raising any arguable issues he wanted this court to consider; and if we did not

---

[1] Ruiz filed his petition under former Penal Code section 1170.95, which was amended effective January 1, 2022, and then renumbered as Penal Code section 1172.6, effective June 30, 2022, without further substantive changes.  (*People v. Saibu* (2022) 81 Cal.App.5th 709, 715, fn. 3.)  We refer to the subject statute by its current number throughout this opinion.

receive a letter or brief within that 30-day period, this court may dismiss the appeal as abandoned.

On November 28, 2023, this court granted Ruiz's request for an extension of time to file a letter brief up to December 27, 2023.

Since more than 30 days have elapsed, and we have received no communication from Ruiz, we consider his appeal abandoned and order dismissal. (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

## **DISPOSITION**

The appeal is dismissed.